IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEVIN H., SUSAN H., and M.S.H., )
)
Plaintiffs, ) Civil Action No. 18-454
) Magistrate Judge Maureen P. Kelly
v. )
)
REDSTONE TOWNSHIP, LARRY ) Re: ECF Nos. 13 and 16
WILLIAMS, TROY RICE, JACOB )
NUNLEY, and WILLIAM LOWRY, )
)
Defendants. )
)

**OPINION**

This is an action filed by Plaintiffs Kevin H., Susan H. and M.S.H. ("Plaintiffs"). Presently before the Court are two Motions to Dismiss: a partial Motion to Dismiss filed by Defendants Redstone Township (the "Township"), Larry Williams, Troy Rice and Jacob Nunley (collectively, the "Township Defendants"), ECF No. 13; and a Motion to Dismiss filed by Defendant William Lowry[1] ("Lowry"), ECF No. 16. For the following reasons, the Motion to Dismiss filed by the Township Defendants will be granted in part denied in part and the Motion to Dismiss filed by Lowry will be denied.

**I. PROCEDURAL HISTORY**

The operative Amended Complaint in this action was filed on May 7, 2018. ECF No. 2. Therein, Plaintiffs raise six claims: Count I: violation of the Fourteenth Amendment/equal protection (against all Defendants); Count II: violation of the First Amendment/malicious prosecution (against Lowry, Nunley and Rice); Count III: violation of the Fourteenth Amendment/reckless investigation (against Nunley and Rice); Count IV: violation of the First

---

[1] It appears that Defendant Lowry may spell his name "Lowery;" however, the Court will refer to his name as it appears in the caption of the case.

and Fourteenth Amendments/conspiracy (against Williams, Lowry, Nunley and Rice); Count V: intentional infliction of emotional distress (against Williams, Lowry, Nunley and Rice); and Count VI:[2] assault (against Lowry). Counts I through IV are brought pursuant to 42 U.S.C. § 1983. Counts V and VI are Pennsylvania state law claims.

On July 6, 2018, the instant Motions to Dismiss and Briefs in support were filed. ECF Nos. 13-14; 16-17. On August 17, 2018, Plaintiffs filed their Briefs in opposition. ECF Nos. 21-22. On August 24, 2018, the Township Defendants filed a Reply. ECF No. 23. The Motions to Dismiss are ripe for consideration.

## II. FACTUAL BACKGROUND

In the Amended Complaint, Plaintiffs make the following allegations. Plaintiffs Kevin H. and Susan H. are married; Plaintiff M.S.H. is their minor child. ECF No. 2 ¶ 14. Plaintiffs live in Redstone Township, Fayette County, Pennsylvania. Id. Lowry owns the property directly behind Plaintiffs' property and lives on the same street as Plaintiffs. Id. ¶ 15. In or about 2017, Plaintiffs became aware of a relationship between Williams, a duly elected supervisor of the Township, and Lowry wherein Williams protected Lowry and Lowry relied on that protection to harass and intimidate others in the Township. Id. ¶ 9, 16.

On or about May 1, 2017, Lowry began grading his property without a permit in a manner which, if completed, would cause rainwater to be directed towards Plaintiffs' property, increasing the risk of flooding on their property. Id. ¶ 17. Susan H.'s sister, Donna Lilly, was concerned about the increased risk of flooding on her nearby property and discussed her concerns with Lowry. Id. ¶ 18. Lowry told her that he could do whatever he wanted to with his property. Id.

---

[2] This claim is mislabeled in the Amended Complaint as a second Count V. ECF No. 2 at 17.

2

Shortly thereafter, Lowry began placing boundary-marking stakes on property adjacent to his, without the benefit of a professional survey and on property that did not belong to him. Id. ¶ 19. Plaintiffs went to the Township's offices to complain about Lowry's conduct. Id. ¶ 20. The Township employees refused to provide Plaintiffs with any information or assistance, except to advise them that Williams would be handling the matter because it involved Lowry. Id. ¶ 21. Williams informed Plaintiffs that he would not discuss the matter with them until they obtained a survey of their property. Id. ¶ 22. When Plaintiffs replied that they had a current professional survey of their property, Williams told them they needed to get another survey. Id. Williams also told Plaintiffs that they should have "all of their ducks in a row before [they] open [their] mouths." Id. Plaintiffs continued to contact the Township about both the grading and the stakes but the Township refused and/or failed to remediate the situation. Id. ¶ 23.

In addition to the above-described acts, Williams' protection allowed Lowry to improperly claim a portion of an alleyway as his own, block the public road for private parties, unlawfully set off fireworks and perform other acts that disrupt the community. Id. ¶ 25. Plaintiffs and other neighborhood residents complained to Township officials about Lowry's conduct but no official action was taken in response to these complaints. Id. ¶ 26.

On or about July 21, 2017, Kevin H. was towing a neighbor's car on Hill Street, where Plaintiffs and Lowry live. Id. ¶ 27. While Kevin H. was unloading the car, Lowry attempted to pass through in his car. Id. ¶ 28. Cars are frequently parked on this street in a manner that permits only one car to drive on the street at a time. Id. Kevin H. asked Lowry to wait two minutes while he finished. Id. Lowry began yelling at Kevin H. in an attempt to coerce him into an altercation. Id. ¶ 29. As Kevin H. began to approach Lowry's vehicle, Lowry backed his vehicle down the street to his residence while continuing to yell insults at Kevin H. Id. After

3

towing the neighbor's car, Plaintiffs took the car hauler back to a storage yard. Id. ¶ 30. Plaintiffs believe that Lowry contacted Williams and/or other Township officials during this time. Id. When Plaintiffs returned to Hill Street and were driving toward their residence, Lowry, driving the opposite direction, placed his vehicle on the wrong side of the road so as to block Plaintiffs from reaching their home. Id. ¶ 31. Lowry then backed his vehicle up and Kevin H. began turning into Plaintiffs' yard. Id. Lowry pulled his vehicle close to the driver's side of Plaintiffs' vehicle and told Kevin H. that he was going to run into Plaintiffs' vehicle. Id. ¶ 32. Lowry then brandished a handgun and threatened to shoot Kevin H. if he exited the vehicle. Id. ¶¶ 32-33. Susan H. called the police. Id. ¶ 34. At some point during the altercation, Lowry stated that he was allowed to shoot Plaintiffs and their family if he was standing on his property. Id. ¶ 34.

Defendants Troy Rice ("Rice") and Jacob Nunley ("Nunley") arrived. Id. ¶ 36. Rice is the police chief of the Township and Nunley is a Township police officer. Id. ¶¶ 10-11. Kevin H. asked Rice and Nunley to arrest Lowry. Id. ¶ 37. Nunley refused, but admitted that he probably would have arrested Kevin H. if it had been he who brandished a weapon. Id. Plaintiffs heard Rice tell Lowry that he would "get [Lowry] out of this." Id. ¶ 28. Lowry was never charged for this incident. Id. ¶ 39. Nunley charged Kevin H. with disorderly conduct. Id. ¶ 40. Kevin H. was acquitted at a summary trial. Id. ¶ 41.

### III. STANDARD OF REVIEW

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In assessing the merits of a claim subject to a motion to dismiss, a court

must accept all alleged facts as true and draw all inferences gleaned therefrom in the light most favorable to the non-moving party. Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) (citing Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003)). A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 2312671 (W.D. Pa. June 4, 2008)).

## IV. DISCUSSION

### A. The Township Defendants' Motion to Dismiss

The Township Defendants move to dismiss the claims against them in Count I (in part), Count III, Count IV and Count V.

#### 1. Count I: Violation of Fourteenth Amendment/Equal Protection (against the Township, Williams, Nunley and Rice)

At Count I, Plaintiffs raise a claim of equal protection under a "class of one" theory. The United States Court of Appeals for the Third Circuit has explained this type of claim as follows:

> The Fourteenth Amendment's Equal Protection Clause admonishes that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV, § 1. The plaintiffs press a "class of one" theory of equal protection jurisprudence. See Village of Willowbrook v. Olech, 528 U.S. 562, 564-65, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000) (per curiam). To state a claim under a class of one theory, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." Hill [v. Borough of Kutztown, 455 F.3d [225] at 239 [(3d Cir. 2006)].

Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 156 (3d Cir. 2018).

The Township Defendants move to dismiss to the portion of Count I brought by Plaintiffs Susan H. and M.S.H., arguing that Plaintiffs fail to allege any treatment of Susan H. and M.S.H.

5

that differed from others similarly situated, i.e., Lowry. ECF No. 14 at 4. In response, Plaintiffs fail to point to any allegation concerning the treatment of Susan H. or M.S.H. by Defendants. ECF No 21 at 4. Plaintiffs point only to allegations of Lowry's treatment by Defendants. Id.

In the Amended Complaint, Plaintiffs do not make any allegation which could support the first element of an equal protection "class of one" claim by Susan H. or M.S.H., i.e., that the Township Defendants treated Susan H. or M.S.H. differently from others similarly situated. Accordingly, the Motion to Dismiss will be granted as to Count I as to Plaintiffs Susan H. and M.S.H. only.

### 2. Count III: Violation of the Fourteenth Amendment/Reckless Investigation (against Nunley and Rice)

In support of their Motion to Dismiss, the Township Defendants argue that Plaintiffs do not have an independent substantive due process right to be free from a reckless investigation. ECF No. 14 at 5-6. This Court has previously addressed this issue as follows.

> It is generally understood that the Third Circuit Court of Appeals has not explicitly recognized a claim for reckless investigation. K.L.Q. v. Plum Borough Sch. Dist., 2016 U.S. Dist. LEXIS 64908, 2016 WL 2892174, at *6 (W.D. Pa. May, 17, 2016) (Lenihan, M.J.). Further, the "'contours of a stand-alone claim for failure to investigate are not well-defined within this Circuit.'" Kelly v. Jones, 148 F. Supp. 3d 395, 400 (E.D. Pa. 2015) (quoting Briscoe v. Jackson, 2 F.Supp.3d 635, 645 n. 5 (E.D. Pa. 2014)). Nonetheless, some courts have allowed such claims when a plaintiff shows that "'a police officer acted intentionally or recklessly, in a manner that shocks the conscience, in failing to investigate.'" Id. (quoting Thomas v. Stanek, 2015 U.S. Dist. LEXIS 21276, 2015 WL 757574, at *7 (W.D. Pa. Feb. 23, 2015) (McVerry, J.)). These claims are typically asserted under circumstances in which a police officer arrested the plaintiff without conducting an adequate investigation beforehand. "'Failure to investigate is considered in tandem with the strength or weakness of the probable cause evidence.'" Johnson v. Logan, 2016 U.S. Dist. LEXIS 171173, 2016 WL 7187842, at *6 (W.D. Pa. Dec. 12, 2016) (Bissoon, J.) (quoting Stanek, 2015 U.S. Dist. LEXIS 21276, 2015 WL 757574, at *7).

Doe v. Plum Borough Sch. Dist., Civ. A. No. 17-32, 2017 U.S. Dist. LEXIS 129464, at *11-13 (W.D. Pa. Aug. 15, 2017). Thus, while the United States Court of Appeals for the Third Circuit has not recognized a claim for reckless investigation, this Court has done so in other cases.

However, the Township Defendants rely on a recent case from the United States Court of Appeals for the Third Circuit. In that cited non-precedential opinion, Johnson v. Logan, 721 F. App'x 205 (3d Cir. 2018), the Third Circuit affirmed on factual grounds the grant of summary judgment to the defendants of a reckless investigation claim. Id. at 208. In a footnote following the holding, the Third Circuit stated, "We note, without deciding, that we have significant doubts about whether there is an independent substantive due process right to be free from a reckless investigation." Id. n.9 (emphasis added). The Township Defendants characterize this statement as "a strongly instructive pronouncement that the Third Circuit will not recognize an independent substantive Due Process right to be free from a reckless investigation." ECF No. 23 at 3. While that characterization may be accurate, it does not affect the disposition of the instant case.

Because the Johnson Court made no decision on the viability of a cause of action for reckless investigation, Johnson does not dictate the dismissal of the reckless investigation claim in this case. Accordingly, the Motion to Dismiss will be denied as to Count III.

### 3. Count IV: Violation of the First and Fourteenth Amendments/Conspiracy (against Williams, Nunley and Rice)

In support of their Motion to Dismiss the conspiracy claim alleged by Plaintiffs in Count IV, the Township Defendants argue that Plaintiffs fail to make any factual allegations of an agreement between Williams, Nunley, Rice and Lowry. ECF No. 14 at 7-8. The Court notes that Plaintiffs have withdrawn Count IV against Lowry. ECF No. 22 at 2.

As this Court has explained:

> [i]n order to make out a claim for conspiracy pursuant to 42 U.S.C. § 1983, a plaintiff must allege conspiracy with particularity even though a heightened pleading standard generally does not apply to civil rights actions against individual defendants, Bieros v. Nicola, 860 F.Supp. 223, 225 (E.D. Pa. 1994) (citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993)). "To plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." See, e.g., Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162, 1166 (3d Cir. 1989), abrogated on other grounds by Beck v. Prupis, 529 U.S. 494, 120 S.Ct. 1608, 146 L.Ed.2d 561 (2000). Further, in light of Twombly and its progeny, there must be "'enough factual matter (taken as true) to suggest that an agreement was made,' in other words, 'plausible grounds to infer an agreement.'" Great Western Mining & Mineral Co., 615 F.3d 159, 178 (3d Cir. 2010) (quoting Twombly, 550 U.S. at 556).

Harris v. Hyde, Civ. A. No. 15-39J, 2016 U.S. Dist. LEXIS 128619, at * (W.D. Pa. Sept. 21, 2016) (quoting Smith v. Ketchum, Civ. A. No. 13-700, 2014 U.S. Dist. LEXIS 113387 (W.D. Pa. Aug. 15, 2014)).

In opposition to the Motion to Dismiss, Plaintiffs argue that that they "have pled the existence of a relationship between the Defendants, wherein Defendants Williams, Nunley and Rice protected Lowry…" and that they further alleged that "Defendants Williams, Nunley and Rice agreed to protect Defendant Lowry accepted Defendants Williams, Nunley and Rice's unlawful protection." ECF No. 21 at 6.

In the Amended Complaint, Plaintiffs allege that "Defendants Williams, Nunley and Rice agreed to, and did, use their authority to unlawfully shield Defendant Lowery from consequences for his illegal conduct." ECF No. 2 at 14. At this early stage of the case, the allegations in the Amended Complaint are sufficient to establish a plausible claim for conspiracy. The Motion to Dismiss will be denied as to Count IV.

8

### 4. Count V: Intentional Infliction of Emotional Distress (against Williams, Nunley and Rice)

In support of their Motion to Dismiss the intentional infliction of emotional distress claim raised by Plaintiffs in Count V, the Township Defendants argue that Plaintiffs fail to allege any facts reasonably supporting the notion that Plaintiffs sustained physical harm. ECF No. 14 at 8-9. As this Court has explained, "[t]o the extent state and federal courts in Pennsylvania recognize a claim for intentional infliction of emotional distress, they consistently require that a plaintiff suffer some physical manifestation of his alleged emotional distress." Buttermore v. Caliber Home Loans, Civ. A. No. 15-1514, 2016 U.S. Dist. LEXIS 8221, at *21 (W.D. Pa. Jan. 25, 2016).

In opposition to the Motion to Dismiss, Plaintiffs argue that two paragraphs in the Amended Complaint present sufficient allegations to "raise a reasonable expectation that discovery will reveal further evidence of the necessary element." ECF No. 21 at 7. The paragraphs in their Amended Complaint to which Plaintiffs cite aver that as a direct and proximate result of the conduct of Williams, Lowry, Nunley and Rice, Plaintiffs suffered and will continue to suffer "great pain, suffering, inconvenience, mental anguish, emotional distress and physical injury including, but not limited to, psychological problems, embarrassment, inconvenience and humiliation to the extent that their general health and vitality are impaired and may continue to be impaired..." and that Plaintiffs have suffered "physical pain and suffering." ECF No. 2 ¶¶ 78, 80.

At this early stage of the case, the allegations in the Amended Complaint are sufficient to establish a plausible claim for intentional infliction of emotional distress. The Motion to Dismiss will be denied as to Count V.

9

### B. Lowry's Motion to Dismiss

Lowry moves to dismiss the claims against him at Count I, Count II, Count IV, Count V and Count VI.

#### 1. Count I: Violation of the Fourteenth Amendment/Equal Protection

In Plaintiffs' Brief in Opposition to Lowry's Motion to Dismiss, Plaintiffs withdrew Count I against Lowry. ECF No. 22 at 2.

#### 2. Count II: Violation of the First Amendment/Malicious Prosecution

In Plaintiffs' Brief in Opposition to Lowry's Motion to Dismiss, Plaintiffs withdrew Count II against Lowry. ECF No. 22 at 2.

#### 3. Count IV: Violation of the First and Fourteenth Amendments/Conspiracy

In Plaintiffs' Brief in Opposition to Lowry's Motion to Dismiss, Plaintiffs withdrew Count IV against Lowry. ECF No. 22 at 2.

#### 4. Count V: Intentional Infliction of Emotional Distress

In support of his Motion to Dismiss Count V, Lowry argues that Plaintiffs fail to allege any facts as to the physical harm sustained by Plaintiffs, instead presenting only blanket conclusions. ECF No. 17 at 11-12. In opposition, Plaintiffs present the same argument that they did in opposition to the Township Defendants' Motion to Dismiss Count V. For the reasons set forth above in the disposition of the Township Defendants' Motion to Dismiss Count V, Lowry's Motion to Dismiss will be denied as to Count V.

#### 5. Count VI: Assault

Lowry moves to dismiss Count VI on the basis that this Court should not exercise supplemental jurisdiction over this state law claim where no federal claims against Lowry remain. ECF No. 17 at 12. In opposition to the Motion to Dismiss, Plaintiffs argue that this

Court should exercise jurisdiction over the remaining state law claim because it arose from the same nucleus of operative facts as their federal claims. ECF No. 22 at 4-5.

Jurisdiction over supplemental state law claims is governed by 28 U.S.C. § 1367(a), which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Because this Court has original jurisdiction over claims against the Township Defendants in this case, the Court will exercise supplemental jurisdiction over the state claim against Lowry. Accordingly, the Motion to Dismiss is denied as to Count VI.

## V. CONCLUSION

For the foregoing reasons, the Township Defendants' Motion to Dismiss, ECF No. 13, will be granted as to Count I (as to Plaintiffs Susan H. and M.S.H. only), and will be denied as to Count III, Count IV and Count V. Further, Lowry's Motion to Dismiss, ECF No. 16, will be denied as to Count V and Count VI. The case will proceed as to Count I (in relation to Kevin H.)(against the Township, Williams, Nunley and Rice), Count II (against Nunley and Rice), Count III (against Nunley and Rice); Count IV (against Williams, Nunley and Rice); Count V (against Williams, Nunley, Rice and Lowry) and Count VI (against Lowry).

An appropriate Order follows.

# **ORDER**

AND NOW, this 30th day of October, 2018, IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendants Redstone Township, Larry Williams, Troy Rice and Jacob Nunley, ECF No. 13, is GRANTED as to Count I (as to Plaintiffs Susan H. and M.S.H. only), and DENIED as to Count III, Count IV and Count V.

IT IS FURTHER ORDERED that the Motion to Dismiss filed by Defendant William Lowry, ECF No. 16, is DENIED as to Count V and Count VI.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM-ECF